UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. HANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIN NGOC LE, individually and dba D&V 96 Cent Store Plus; VAN THI TROUNG, individually and dba D&V 96 Cent Store Plus,<br><br>　　　　　Defendants. | No. 2:19-cv-955-TLN-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons provided below, plaintiff is ordered to show cause why this action should not be dismissed as frivolous.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff brings this action against defendants Dinh Ngoc Le and Van Troung, alleging claims under the Title III of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). ECF No. 5. According to the complaint[2], plaintiff is disabled due to epilepsy and requires the use of a service animal trained to detect the onset of a seizure. *Id*. ¶ 8. Defendants are the owners and operators of D&V 96 Cent Store Plus, located at 2429 North Fresno Street, Fresno, California. *Id*. ¶¶ 1, 7. On two different dates in February

---

[2] Plaintiff initially filed a complaint that was not signed. ECF No. 1. Shortly thereafter, he filed an amended complaint, which he signed. ECF No. 5. Given that the initial complaint was unsigned, the signed complaint serves as the operative complaint.

2018, plaintiff visited defendants' business, which is a place of public accommodation, with his service dog. *Id*. ¶¶ 9-11. Although his service dog was on a leash and wearing a service vest, on both occasions plaintiff was instructed to leave the store because of a policy prohibiting pets. *Id*. ¶¶ 10-11.

These allegations, if accepted as true, could potentially state cognizable claims under Title III of the ADA and the California Unruh Act. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (To state a Title III claim, a plaintiff must allege "that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."); *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009). But those allegations cannot be reconciled with other information in the complaint indicating that plaintiff could not have visited defendants' business on the dates alleged.

Plaintiff's complaint indicates that he is an inmate housed at Oregon State Correctional Institution. Further, the inmate locator website operated by the Oregon Department of Corrections reflects that plaintiff's current sentence commenced in March 2014.[3] Thus, it appears that from plaintiff's own allegations as well as judicially noticeable official records that the assertion that plaintiff visited defendants' store in 2017 is not plausible, and, necessarily the allegation that defendants denied him public accommodation at such a visit is also implausible. Accordingly, plaintiff is directed to show cause why this action should not be dismissed as frivolous.[4] *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .").

---

[3] *See* https://www.oregon.gov/doc/about/pages/prison-locations.aspx; *see also* Fed. R. Evid. 201 (courts may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 n.7 (9th Cir. 2017) (taking judicial notice of a policy publicly available on the Idaho Department of Corrections website).

[4] Plaintiff also requests that the United States Marshal be directed to complete service of process. ECF Nos. 3 & 6. Because the complaint appears frivolous, that request is denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's request for an order directing the United States Marshal to complete service of process (ECF Nos. 3 & 6) is denied.

3. Plaintiff shall show cause, in writing, within 14 days of this order, why this action should not be dismissed as frivolous.

4. Failure to comply with this order will result in a recommendation that this action be dismissed as frivolous and for failure to comply with court orders.

DATED: February 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE